IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID AND CONNIE PRINCE | ) |
| | ) |
| v. | ) NO. 1:08-0058 |
| | ) JUDGE CAMPBELL |
| COUNTRYWIDE HOME LOANS, INC., | ) |
|    et al. | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Withdrawal of Reference (Docket No. 1). For the reasons stated herein, Plaintiff's Motion is DENIED.

FACTS

The facts underlying this dispute began with Plaintiffs' obtaining a mortgage loan through the United States Small Business Administration in 1994. The litigation began as an eviction proceeding in the Lawrence County, Tennessee General Sessions Court, in which Defendant Beal Bank claimed that it had bought Plaintiffs' home at a November 7, 2005 foreclosure sale. This state court litigation was between Plaintiffs and other parties who allegedly played some role in the foreclosure on Plaintiffs' home.

After more than two years of litigation in the state court, Plaintiffs moved the United States Bankruptcy Court for the Middle District of Tennessee to reopen Plaintiffs' Chapter 13 bankruptcy case to assert an action against Defendants, claiming that the foreclosure was wrongful and in violation of the Bankruptcy Court's July 17, 2003 Order in that case. Plaintiffs filed their adversary proceeding on April 9, 2008. The state court action was removed to the Bankruptcy Court on April 28, 2008, and the two matters were consolidated into one adversary proceeding.

Shortly after removal of the state court action to the Bankruptcy Court, Plaintiffs filed a Motion to Remand the state court proceeding, and the Bankruptcy Court denied that Motion. Plaintiffs also filed a Motion with the Bankruptcy Court seeking mandatory abstention, which was also denied.

On September 19, 2008, the same day they filed the instant Motion for Withdrawal of Reference, Plaintiffs filed a Consolidated and Amended Complaint in the Bankruptcy Court, adding claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA") in addition to the already-pending bankruptcy and state law claims. *See* Docket No. 4-2 herein.

## DISCUSSION

Plaintiffs ask the Court to withdraw the reference pursuant to 28 U.S.C. § 157(d), which provides that the district court shall withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. In addition, the court may withdraw the reference "for cause shown." 28 U.S.C. § 157(d).

Courts within the Sixth Circuit have taken both broad and narrow views of this statute, with the majority finding that it should be construed narrowly. For example, in *In re White Motor Corp.*, 42 B.R. 693, 703 (N.D. Ohio 1984), the Court held that Section 157(d) must be read to require withdrawal not simply whenever non-Code federal statutes will be considered, but rather only when such consideration is necessary for the resolution of the case or proceeding. The court held that the motion to withdraw the reference would be granted only if the current proceedings before the

2

bankruptcy court could not be resolved without "substantial and material consideration" of the non-Code provisions. *Id*. at 704.

Similarly, in *In re Holman*, 325 B.R. 569 (E.D. Ky 2005), the court, noting that the Sixth Circuit had not stated whether Section 157(d) requires mere consideration or a substantial and material consideration of non-Code statutes, held that it would follow "the majority approach" and adopt the "substantial and material consideration" test. *See also Lucre, Inc. v. Verizon North, Inc.*, 2007 WL 1521204 at * 4-5 (W.D. Mich. May 21, 2007).

In *In re Southern Industrial Mechanical Corp.*, 266 B.R. 827 (W.D. Tenn. 2001), the court held that withdrawal is mandatory only when substantial and material consideration of non-bankruptcy code law is necessary for resolution of the case. "The mere fact that a bankruptcy court must consider non-bankruptcy statutes in order to resolve a dispute is not grounds for mandatory withdrawal." *Id*. at 831 and 833.

The Eastern District of Michigan, on the other hand, declined to follow *White*: "In short, this Court finds *White* to be unpersuasive because, contrary to *White*, this Court is not convinced that the structure of the Bankruptcy Code or legislative history requires a narrow reading of § 157(d)." *In re Kiefer*, 276 B.R. 196, 202 (E.D. Mich. 2002).

This Court finds the majority, more narrow view of the statute to be correct. Thus, Plaintiffs must show that substantial and material consideration of the non-bankruptcy statutes is necessary for resolution of this dispute. Plaintiffs have failed to carry that burden.

Plaintiffs' RESPA and FDCPA claims not only arise from the same facts as Plaintiffs' other claims; they also involve statutes that routinely are considered in bankruptcy proceedings. Nothing about these statutes requires a specialized expertise that a bankruptcy court normally lacks, and

nothing on this record requires the Court to make an affirmative determination that resolution of the RESPA and FDCPA claims will require "substantial and material" consideration in comparison to the other claims in the Bankruptcy Court. *See White*, 42 B.R. at 705. Neither have Plaintiffs carried the burden of showing that the Court, in its discretion, should withdraw the reference for "cause shown." 28 U.S.C. § 157(d).

## CONCLUSION

For these reasons, judicial economy and the orderly administration of this dispute are best served by the Bankruptcy Court continuing to administer the entire case. Permitting the Bankruptcy Court to conduct these proceedings is a sensible course of action dictated by the language and court interpretation of 28 U.S.C. § 157(d), principles of sound judicial administration, and the facts of this case. *See White*, 42 B.R. at 705-06.

Accordingly, Plaintiffs' Motion for Withdrawal of Reference (Docket No. 1) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4